Opinion
ALARCON, J.
The People have appealed from the orders of the trial court dismissing the above-captioned matters.
Factual Background
The First Arrest:
The defendant was arrested on February 24, 1975, on a charge of possession of heroin based on objective symptoms of being under the *Supp. 5 influence of an opiate. No heroin was observed by the police. The defendant produced a urine sample for the police. The defendant was released from custody.
On March 10, 1975, a misdemeanor complaint was issued charging the defendant with using and being under the influence of an opiate.

The Second Arrest:

The defendant was arrested on February 27, 1975, on a charge of possession of heroin. He appeared to be under the influence of an opiate. Slightly over one gram of what appeared to be heroin was found in the room where the defendant and another person were arrested. The district attorney’s office rejected a request by the police that a felony possession-of-heroin complaint be filed, based on a violation of the Chimél rule. The defendant produced a urine sample for the police. The defendant was released.
On March 14, 1975, a misdemeanor complaint was filed charging in two counts that on February 25, 1975, and February 27, 1975, the defendant was under the influence of an opiate.

The Third Arrest:

On April 2, 1975, the defendant was arrested on a charge of possession of heroin based on objective symptoms of being under the influence of an opiate. No heroin was observed by the police. The defendant produced a urine sample for the police. A misdemeanor complaint was filed on April 3, 1975.
The defendant appeared for arraignment in each matter on April 24, 1975. Each matter was continued on the court’s own motion to April 25, 1975.
On April 25, 1975, the public defender was appointed in each case. The defendant entered pleas of not guilty to each charge. Oral notice was given of motions to dismiss pursuant to section 825 of the Penal Code, to be heard on the trial date. Trial was set for May 19, 1975.
On May 14, 1975, the People filed points and authorities in opposition to the defendant’s motions to dismiss.
*Supp. 6 On May 19, 1975, the matter was continued for trial until the following day; thereafter the matter trailed until May 22, 1975.
On May 22, 1975, each matter was continued for trial until July 7, 1975, on motion of the defendant. The defendant personally waived time, after being advised of his rights under section 1382 of the Penal Code.
On June 26, 1975, defense counsel noticed a motion for pretrial discovery which sought statistical information concerning arrests for possession of heroin based on “internal possession only.” Hearing on the motion was set for June 30, 1975. On that date, on motion of the People, hearing on the discovery motion was continued until July 2, 1975.
On July 2, 1975, the People filed points and authorities in opposition to the “internal possession” discovery motion. No witnesses were presented in support of the motion. On motion of the defendant, the court received a partial transcript of the proceedings in the matter of People v. Anna Renee Johnson. No reference was made during argument to the testimony in the Johnson matter or its significance relative to the discovery motion.
Oflicer Michael J. Morrison, a departmental statistical information officer for the Los Angeles Police Department, testified as to the amount of time which would be required to comply with the proposed discovery order. Officer Morrison testified that it would take two persons a total of four to five weeks to compile the requested information covering a twelve-month period (two weeks to pull the arrest “packages” and two to three weeks to read them to determine the number of internal possession arrests).
The trial court ordered the Los Angeles Police Department to obtain the following information:
1. An accounting of the number of arrests made by the Los Angeles Police Department in the “central district of the Los Angeles Municipal Court” during the six-month period immediately preceding April 2, 1975, on charges of possession of heroin in violation of section 11350 of the Health and Safety Code “where in fact the allegation was based on ‘internal possession’ only.”
*Supp. 7 2. An accounting of the number of such (internal possession) cases wherein a referral was made by the Los Angeles Police Department to the office of the district attorney for filing of felony charges.
3. An accounting of the number of such cases accepted or rejected by the district attorney’s office.
4. An accounting of the number of such arrests which resulted in misdemeanor filings for violation of section 11550 of the Health and Safety Code.
5. An accounting of the number of arrests in the “central district” of the Los Angeles Municipal Court, during the six-month period immediately preceding April 2, 1975, where the original charge was a violation of section 11550 of the Health and Safety Code.
The trial judge then set July 30, 1975, as the date for compliance with the court’s order after commenting that “Even though we cut down the amount” that the estimate of four to five weeks “was not adding enough” time to cany out the court’s order. The defendant was not present at the hearing on the discovery motion. During the discussion as to the date trial should be set, defense counsel stated he could not waive time. The court then indicated that nothing should be done by the police in carrying out the court’s order until it was determined if the defendant wished to waive time. The matter was continued for this purpose until Thursday, July 3, 1975.
On July 3, 1975, proceedings were resumed at 3:50 p.m. The trial judge commenced the proceedings by ruling, on his own motion, and without hearing further testimony or argument, that compliance with the discovery order was to be completed by July 8, 1975. The court stated that modification of its prior order was necessary because of the fact that the defendant had been in custody since April 2, 1975. After the court had announced its ruling, the People made a motion for reconsideration of the discovery order on the basis that under the existing law an arrest for internal possession was proper. The motion for reconsideration was denied. The prosecutor then reminded the court that it had previously indicated that “it would be physically impossible” to comply with the court’s order by the following Tuesday. The court replied that “with two people there is no question about it.” The trial judge then observed that by “increasing the number of people it could in fact be done by *Supp. 8 Tuesday.” The court stated it was his “guess” that somewhere between 10 to 20 persons would be able to complete the compilation by Tuesday. After this colloquy, the prosecutor advised the court that the People would “make every effort to comply with the order but that it was highly unlikely that compliance by the date set by the court was possible because the day following the hearing (Friday) was the Fourth of July which would be followed immediately by the weekend. The prosecutor requested additional time until July 10, 1975, to give the department more time to comply. The court then scheduled the time for compliance as of July 10 at 4 p.m. The trial judge, Judge Trammell III, advised counsel that another judge would preside over the proceedings on July 10, 1975.
On July 10, at 4:15 p.m., Judge Stromwall reconvened proceedings on the discovery motion. The prosecutor advised the court that the People had not complied with the discovery order because the Los Angeles Police Department had informed him that “compliance with the discovery order made by Judge Trammell is physically impossible.” Defense counsel thereupon moved for a dismissal.
Judge Stromwall then inquired if the defendant was in custody. He - was advised by defense counsel that the defendant had been in custody since April 2d. The court granted the motion to dismiss without further hearing or argument from counsel either as to the truth of the prosecutor’s representation that compliance was impossible or as to whether dismissal was in the interests of justice.
Discussion
The above facts raise the following issues:
1. Does the court’s docket set forth the reasons for the dismissal order?
2. Was the discovery order valid?
3. Was it an abuse of discretion to require compliance within the time prescribed?
4. Was it an abuse of discretion to impose sanctions without a hearing as to whether compliance was in fact impossible as represented by the People?
5. Was the sanction imposed in the interests of justice?
*Supp. 9 I
Compliance With Requirement of Reasons for Dismissal
The docket for July 10, 1975, contains the following entry:
“People have not complied with discovery. Defendant’s motion to dismiss granted. Defendant ordered released.” This cryptic notation is legally sufficient to meet the requirement of Penal Code section 1385 that the reasons for the dismissal be set forth in the minutes. No further detail was required to give notice to a reviewing court that dismissal was ordered because of the failure to comply with the court’s discovery order. (See People v. Winters (1959) 171 Cal.App.2d Supp. 876, 882 [342 P.2d 538].)
II
Validity of the Discovery Order
The defendant’s request for discovery was in furtherance of his motion to dismiss the proceedings on the ground that the delay in arraignment denied him the opportunity to obtain medical evidence to support his defense that he did not use an opiate on the dates of his arrests.
In order to obtain a dismissal on due process grounds for a governmental delay in arraignment, the defendant must convince the trial judge that such delay was not necessary to promote a legitimate purpose (Penney v. Superior Court (1972) 28 Cal.App.3d 941, 950 [105 Cal.Rptr. 162]; Jones v. Superior Court (1970) 3 Cal.3d 734, 740 [91 Cal.Rptr. 578, 478 P.2d 10]). Proof that the Los. Angeles County District Attorney’s office has a policy of never filing a felony charge where the arrest is for “internal possession” would be significant evidence that the delay involved in presenting such cases to the county prosecutor for a felony charge served no legitimate governmental purpose. We are satisfied that the discovery order was properly issued to assist the defendant in preparing his defense.
III
Reasonableness of the Time Constraints on Compliance
The uncontradicted evidence presented to the trial court established that it would take 4 to 5 weeks to comply with the *Supp. 10 defendant’s request for a 12-month “accounting.” On July 2, 1975, the trial judge reduced the period of time to be covered in the record search to 6 months and gave the police 28 days to comply, although the court expressed the view that even with the reduced amount of data td be collected, the statistical information officer may have underestimated the time necessary for compliance. The following day the trial court on its motion reduced the amount of time for compliance by 20 days. The court acted without taking any evidence that compliance within seven days was physically possible and despite the knowledge that the time alloted included a three-day weekend. Shortening the time for compliance without a hearing to determine whether the police had sufficient trained personnel and sufficient time to comply was an abuse of discretion especially in view of the trial court’s expressed doubts that 28 days was a realistic estimate.
IV
Proof of Wilful Noncompliance
On the date set for compliance the prosecutor advised the court that compliance with the order was “physically impossible.” The trial court did not take any evidence to determine whether compliance was possible within the time set, nor was a finding made that the failure to comply was in wilful disregard of a lawful order of the court. There was no evidence to support an implied finding that the People had wilfully failed to comply with discovery.
V
Validity of the Sanction Imposed
The trial court imposed the ultimate sanction of dismissal for the failure of the People to comply within the prescribed time. No consideration was given by the court to the question of whether dismissal was necessary to protect the defendant’s right to due process or was in furtherance of the interests of justice.[1]
Although the power granted to a trial court under section 1385 is very broad, the exercise of discretion permitted by that section is not *Supp. 11 absolute. A dismissal must be in fact in furtherance of justice. (People v. Orin (1975) 13 Cal.3d 937, 945 [120 Cal.Rptr. 65, 533 P.2d 193].)
“Since an order of dismissal under Penal Code section 1385 is a matter of public concern (People v. Superior Court (Schomer) 13 Cal.App.3d 672, 680 [91 Cal.Rptr. 651]), proper dismissal under the section requires a balancing of society’s interest against that of the defendant.” (People v. McAlonan (1972) 22 Cal.App.3d 982, 986-987 [99 Cal.Rptr. 733].) The trial court must consider the constitutional rights of the defendant and the interests of society represented by the prosecution (People v. Orin, supra, at p. 945).
The inexorable sanction of dismissal should not be used where other remedies will protect the defendant’s rights to a fair trial (see People v. Davis (1971) 20 Cal.App.3d 890, 898 [98 Cal.Rptr. 71]). Where the evidence fails to show that the suppression of evidence was in bad faith “due process does not require dismissal” as the appropriate sanction (People v. Hitch (1974) 12 Cal.3d 641, 653 [117 Cal.Rptr. 9, 527 P.2d 361]).
A more appropriate sanction under these facts would be the making of a finding against the prosecution as to each of the items ordered disclosed. (See § 1042 subd. (a) of the Evid. Code.) The court was commendably concerned with the fact that further delay would force the defendant to spend additional time in custody before a determination of guilt. The solution to this problem lay in lowering the bail or granting an own-recognizance release pending trial, rather than outright dismissal. Applying the foregoing principles to the instant matter, we hold that the court abused its discretion in choosing to dismiss this matter in the face of other sanctions which would have preserved the defendant’s right to pursue his motion to dismiss for want of a speedy trial, while at the same time protecting the right of the People to proceed with the prosecution of the underlying criminal charges in the event the defendant’s motion was denied.
The orders of dismissal in case numbers 31508023, 31508427, and 31510284 are reversed.
Cole, Acting P. J., and Thomas, J.,* concurred.

In fairness to the trial judge, the prosecutor was asked for his suggestions as to the appropriate sanctions which the court should consider, but declined to assist the court.

Assigned by the Chairman of the Judicial Council.