Opinion
COLE, P. J.
The People appeal from an order dismissing two counts of battery (counts I and II, respectively) filed against respondents Franklin and Kendrick. These counts were filed on April 27, 1977, together with a third count charging Franklin with violation of Penal Code section 653k (possession of switchblade knife). Thereafter, the pleadings were additionally amended as follows: On October 12, 1977, on motion of the People, counts IV and V were added, charging Franklin and Kendrick, *Supp. 15 respectively, with violating Penal Code section 626.10 (possession of a knife on school premises). On October 31, 1977, Kendrick’s motion to dismiss count V was granted.
Juiy selection then commenced for trial on the four remaining counts, and continued until the noon hour. At 1:30 p.m. the prosecutor informed the court that the weapon which formed the basis for counts III and IV against Franklin had been inadvertently destroyed by the police department. All parties then stipulated to a mistrial and the jury was discharged. Counts III and IV were dismissed. The defendants then moved to dismiss the two counts which remained (counts I and II, charging battery). Hearing on this motion was continued to November 14, 1977, at which time the court granted the motion to dismiss counts I and II.
The minutes of November 14, 1977, read only as follows: “Hearing on defendant’s 1538.5 PC motion held. Court finds further prosecution after selection of jury and the adding of additional counts which were subsequently dismissed either on motion of City Attorney or by City Attorney being unable to proceed. In the interest of justice requires that no further prosecution be had. Matter is dismissed under 1385 Penal Code.”
This recitation does not express a legal reason why the remaining battery counts should have been dismissed. In particular this minute order does not reflect a consideration of society’s legitimate interest in “ ‘the fair prosecution of crimes properly alleged.’ ” (People v. Orin (1975) 13 Cal.3d 937, 947 [120 Cal.Rptr. 65, 533 P.2d 193].) It was an abuse of discretion, for the trial court to dismiss on the grounds stated in the minutes.
We are aware that the trial court recited other reasons for ordering dismissal. This recitation appears in the reporter’s transcript but not in the minutes. We do not decide whether the other reasons are sufficient to justify dismissal. Penal Code section 1385 flatly states “the reasons of the dismissal must be set forth in an order entered upon the minutes.” (Italics supplied.) In recognition of this statutory command it has been held numerous times “that this provision is mandatory and not merely directory. Recently in People v. Superior Court (Howard) (1968) 69 Cal.2d 491, 502-503 [72 Cal.Rptr. 330, 446 P.2d 138], while recognizing the broad right of a trial judge to dismiss in furtherance of justice, we adverted to the requirement that he ‘must state his reasons in the minutes’ and took pains to point out that ‘[i]f the reasons are not set forth in the minutes, the *Supp. 16 order dismissing may not be considered a dismissal under section 1385. [Citations.]’ (Id., at p. 503, fn. 7.)
“Thus, it has been said: ‘The statement of reasons is not merely directory, and neither trial nor appellate courts have authority to disregard the requirement. It is not enough that on review the reporter’s transcript may show the trial court’s motivation; the minutes must reflect the reason “so that all may know why this great power was exercised.” ’ (People v. Beasley, supra, 5 Cal.App.3d 617, 637 [85 Cal.Rptr. 501].). . .” (People v. Orin, supra, 13 Cal.3d at p. 944.)
For this reason we reverse the order dismissing counts I and II.
Ibáñez, J., concurred.