[No. A030256. First Dist., Div. Four. Nov. 26, 1985.]

THE PEOPLE, Plaintiff and Appellant, v.
HORACE AARON INGRAM, Defendant and Respondent.

## Counsel

John K. Van de Kamp, Attorney General, Linda Ludlow and Ann K. Jensen, Deputy Attorneys General, for Plaintiff and Appellant.

Scott LeStrange, Public Defender, and James H. Griffiths, Assistant Public Defender, for Defendant and Respondent.

## Opinion

**ANDERSON, P. J.**—In September 1984 respondent, Horace Aaron Ingram, was charged with violating section 10851 of the Vehicle Code (auto theft). In October 1984, subsequent to the dismissal of the first complaint at the preliminary hearing, another complaint was filed charging respondent with the same crime. It is the dismissal of this second complaint entered by the superior court on November 19, 1984, that we review on appeal.

The preliminary hearing on the second complaint was set for 2 p.m. on October 4, 1984. At 10 a.m. on that day the court heard a noticed motion

by the district attorney for continuance of the preliminary hearing. The court denied the motion for failure to show good cause and dismissed the case. Whereupon the district attorney immediately requested that the court proceed with the preliminary hearing at 2 p.m. as scheduled. Without ever rescinding the verbal dismissal, the court granted the district attorney's request and ordered respondent to appear again at 2 p.m. No order of dismissal was ever entered in the minutes of the court's proceedings.

At the outset of the preliminary hearing defense counsel argued that the case should not proceed because it had suffered its second dismissal. The court denied the motion, allowed the district attorney to present testimony and ultimately held the appellant to answer the charge in superior court. Subsequently, defense counsel filed a Penal Code[1] section 995 motion to set aside the information on the ground that the case had been dismissed twice. The superior court granted this motion because it found that the court which verbally dismissed the case never made an order to set aside the dismissal. The People have appealed the order setting aside the information contending that the court which heard the motion for continuance abused its discretion in dismissing the case.

## DISCUSSION

■ Section 1385 is the only statute upon which the court sitting at the 10 a.m. hearing on October 4, 1984, could have possibly based its verbal dismissal. Section 1385 provides in pertinent part that "[t]he judge or magistrate may, either of its own motion or upon the application of the prosecuting attorney, and in the furtherance of justice, order an action to be dismissed. The reasons of the dismissal must be set forth in an order entered upon the minutes. . . ."

In the case at bar there was never any order of dismissal entered on the minutes, much less an order that set forth the reasons for the dismissal. While no case has expressly held that an order of dismissal of the entire case is ineffective unless it is entered upon the minutes, such a requirement may properly be inferred from the wording of the statute. Further, many cases have held that it is mandatory that the reasons for the dismissal be entered on the minutes. (*People* v. *Smith* (1975) 53 Cal.App.3d 655, 657 [126 Cal.Rptr. 195]; *People* v. *Andrade* (1978) 86 Cal.App.3d 963, 974 [150 Cal.Rptr. 662].)

Respondent argues that the court's reasons for the dismissal were set forth in the reporter's transcript. Assuming arguendo that the court did orally

---

[1] Unless otherwise indicated, all statutory references are to the Penal Code.

state its reasons for the dismissal, this fact would not satisfy the requirement that the reasons be entered upon the minutes. " ' " . . . It is not enough that on review the reporter's transcript may show the trial court's motivation; the *minutes* must reflect the reason . . . ." ' " (*People* v. *Franklin* (1978) 84 Cal.App.3d Supp. 13, 16 [149 Cal.Rptr. 229], original italics.) Because no order including a statement of reasons for the dismissal was ever entered upon the minutes, the verbal order of dismissal may not be considered a dismissal under section 1385. (*People* v. *Hunt* (1977) 19 Cal.3d 888, 897 [568 P.2d 376].)

We now consider the error of the superior court in granting respondent's section 995 motion. The basis of respondent's motion to set aside the information was that the case had suffered two dismissals and thus, further prosecution of the case was barred by section 1387. Because the second dismissal was ineffective the respondent's argument fails. The superior court herein erred in granting respondent's section 995 motion on the ground that an ineffective order of dismissal was never rescinded. The magistrate's verbal dismissal order was ineffective because it did not meet the requirements of section 1385. Since the order was ineffective, it did not need to be rescinded by the magistrate in order for the subsequent commitment of respondent to be legal. Thus, it was error for the superior court to grant respondent's section 995 motion. This error infringed upon ". . . the interest of the public in the fair prosecution of crimes properly alleged . . . ." (*People* v. *Davis* (1971) 20 Cal.App.3d 890, 898 [98 Cal.Rptr. 71].)

The order setting aside the information is reversed and the matter is remanded to the superior court for further proceedings.

Sabraw, J., concurred.

**POCHÉ, J.**—I concur in the judgment.

The only matter noticed, scheduled or otherwise before the magistrate at 10 a.m. on October 4, 1984, was the motion of the prosecutor for a continuance of the preliminary hearing which was scheduled to (and did) begin four hours later.

At this 10 a.m. hearing the prosecutor explained the reason a continuance was requested: the complaining witness was making arrangements for the funeral of her brother-in-law. Finding such a circumstance not good cause the magistrate then spoke as follows: ". . . the motion for a continuance is denied. And Mr. Ingram [the defendant], this case is ordered dismissed."

Immediately the prosecutor asked if the case "could trail" until the 2 p.m. hearing, indicating that he would proceed without the witness. The

magistrate agreed to call the case at 2 p.m. but then indicated that if the prosecutor was not then ready "I'll dismiss the case at 2 o'clock."

In my view no dismissal occurred at or as a result of the 10 o'clock continuance hearing. What was before the court at that time was only whether the prosecutor's motion to continue the preliminary hearing scheduled for later in the day should be granted or denied. Neither a grant nor a denial of that motion could give the court jurisdiction to dismiss the action anymore than it would give the court the jurisdiction to declare who the Queen of England would be at 10 or 2—the matter was simply not before the court.

Quite evidently to everyone including the magistrate, the magistrate misspoke and immediately acted to and did cure the verbal slip. No one was misled, no one was harmed, no dismissal occurred and for these reasons I would reverse the superior court's order setting aside the information.