Filed 2/17/26  P. v. Camacho CA2/5

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

### SECOND APPELLATE DISTRICT

### DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>ALBERT CAMACHO,<br><br>    Defendant and Appellant. | B339615<br><br>(Los Angeles County<br>Super. Ct. No. KA102870) |

APPEAL from an order of the Superior Court of Los Angeles County, Jacqueline Lewis, Judge.  Affirmed.

Lise M. Breakey, under the appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Charles C. Ragland, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney, Steven D. Matthews, Supervising Deputy Attorney General and Gary A. Lieberman, Deputy Attorney General, for Plaintiff and Respondent.

Defendant and appellant Albert Camacho appeals the judgment that followed the trial court's order (1) reimposing an upper term prison sentence at a resentencing hearing conducted pursuant to Penal Code section 1172.75,[1] and (2) denying defendant's request to dismiss an enhancement pursuant to section 1385, subdivision (c). He argues, by reimposing the original upper term on a conviction for voluntary manslaughter (§ 192 subd. (a)), the trial court violated his Sixth Amendment right to a jury trial because the upper term was not supported by an aggravating factor that was stipulated to by the defense or found true beyond a reasonable doubt by a trier of fact.[2] Defendant also contends section 1385, subdivision (c)(2) required the trial court to dismiss either a prior conviction enhancement or an enhancement for using a deadly weapon and, in the alternative, the trial court failed to justify its refusal to do so with a finding that dismissal of an enhancement would endanger public safety.

We affirm the judgment for the following reasons. First, consistent with the plain language of section 1172.75, the requirement of a stipulation or finding by the trier of fact does

---

[1]    Further statutory references are to the Penal Code.

[2]    Defendant argues, if his challenge to the upper term is forfeited due to the lack of a proper objection, he received ineffective representation by his attorney. The People expressly state they are not taking the position that the argument is forfeited and, because the claim implicates defendant's Sixth Amendment right to a jury trial, we consider it on the merits (*People v. French* (2008) 43 Cal.4th 36, 46–48). For these reasons, defendant's argument regarding ineffective assistance of counsel is not addressed.

2

not apply where, as in this case, the trial court reimposes an original upper term sentence. Second, we follow published decisions from numerous courts correctly rejecting the argument that section 1385, subdivision (c)(2) contemplates mandatory dismissal of enhancements. Finally, the trial court was not obligated to assess the prospect of defendant's danger to society because its ruling was grounded in a legitimate finding that the interest of justice did not support dismissal.[3]

## BACKGROUND

A short summary of the facts underlying the offenses is taken from the introductory remarks in our opinion relating to defendant's appeal of the judgment in *People v. Camacho* (Dec. 11, 2015, B259838) [nonpub. opn.] (*Camacho I*). "A jury found defendant Albert Camacho . . . guilty of voluntary manslaughter for killing his girlfriend's brother, Ben Cervantes. Ben lived in a house with his father Mike, his sister April (defendant's girlfriend), and April's three children. On the night in question,

---

[3] The People properly request the July 23, 2024 abstract of judgment be amended to reflect the correct breakdown of custody credit. At the resentencing hearing, the trial court recognized that when defendant was originally sentenced, he had a total of 472 days of custody credit (411 actual days plus 61 days of presentence conduct credit) and, since that time, he accrued 3,576 days of actual credit. This brought his total custody credit to 4,408 (the court ordered the Department of Corrections and Rehabilitation "to calculate the good time, work time days" relative to 3,576 days). However, the amended abstract of judgment that followed resentencing reflects 4,048 days of actual credit with zero days of conduct credit. We will order the erroneous abstract of judgment amended to reflect the correct itemization of custody credit.

3

defendant and Ben quarreled, defendant entered the house to confront Ben, Ben and defendant fought, and defendant stabbed Ben multiple times with a long 'katana' knife that Ben owned. Defendant testified at trial and claimed he killed Ben in self-defense." (*Camacho I*, *supra*, slip opn. at p. 1.)

Defendant's voluntary manslaughter conviction (§ 192, subd. (a)) was a lesser included offense to a charge of murder (§ 187) in count 1. He was also convicted of misdemeanor assault (§ 240) as a lesser included offense to the charge of assault with force likely to produce great bodily injury (§ 245, subd. (a)(4)) in count 6. With respect to manslaughter, the jury found defendant personally used a deadly weapon (a knife) in the commission of the crime. (§ 12022, subd. (b)(1).)

Before defendant was sentenced, he admitted he had a prior conviction that qualified as both a "strike" under the Three Strikes law (§§ 667, subds. (b)–(i), 1170.12, subds. (a)–(d)) and a serious felony (§ 667, subd. (a)). He also admitted he served a prior prison term for a separate felony conviction (§ 667.5, subd. (b)).[4] On October 3, 2014, the trial court imposed the upper term of 11 years doubled to 22 years pursuant to the Three Strikes law

---

4 "Prior to January 1, 2020, section 667.5, subdivision (b) required trial courts to impose a one-year sentence enhancement for each true finding on an allegation the defendant had served a separate prior prison term and had not remained free of custody for at least five years. (Former § 667.5, subd. (b).) Effective January 1, 2020, [the Legislature] amended section 667.5 by limiting the prior prison term enhancement to only prior terms for sexually violent offenses. [Citations.]" (*People v. Burgess* (2022) 86 Cal.App.5th 375, 379–380.) The information did not allege any of defendant's prior convictions were for sexually violent offenses.

on count 1, plus consecutive terms of one year for the weapon enhancement, five years for the prior serious felony conviction, and one year for serving a prior term in prison. The court imposed a concurrent six-month term for the misdemeanor.

On September 2, 2022, defendant filed an "initial brief" in support of a resentencing hearing due to the amendment to section 667.5, subdivision (b), and the enactment of section 1172.75 (allowing defendants to petition for resentencing if the prior conviction triggering the prison term enhancement was not the product of a sexually violent offense). On March 6, 2023 (after delays associated with habeas corpus litigation), defendant filed a formal "motion and brief for resentencing" pursuant to section 1172.75. Defendant took the position that he was entitled to the presumptive middle term sentence on count 1 and that the finding of a weapon enhancement as well as all prior conviction findings should be stricken pursuant to section 1385, subdivision (c). The People opposed the motion based on defendant's criminal history, his violations of prison rules, and the seriousness of the homicide.

The trial court struck one year of time imposed for the prison term enhancement. In all other respects, the sentence remained the same, including enhancements for the prior conviction that qualified as a strike and a serious felony, the deadly weapon enhancement, and the imposition of the upper term for manslaughter.

**DISCUSSION**

## I. *Section 1172.75*

A. *The Applicable Provision and the Trial Court's Ruling*

Effective January 1, 2022, the Legislature added section 1172.75 (Stats. 2021, ch. 728, § 3), which renders "legally invalid" any prior prison term enhancement imposed under subdivision (b) of section 667.5 before January 1, 2020, except for those involving a sexually violent offense.  (§ 1172.75, subd. (a).)  If a judgment includes such an enhancement, the court must recall the sentence and resentence the defendant.  (§ 1172.75, subd. (c).)  At the resentencing, the trial court "shall . . . apply any other changes in the law that reduce sentences or provide for judicial discretion so as to eliminate disparity of sentences and to promote uniformity of sentencing."   (§ 1172.75, subd. (d)(2).)

When defendant was sentenced in 2014, the trial court was given the discretion to select a low, middle, or high/upper term prescribed by statute based on its balancing of aggravating and/or mitigating factors.  (§ 1170, former subd. (b); Stats. 1977, ch. 165, § 15, p. 647.)  Effective January 1, 2022, the Legislature amended section 1170, subdivision (b), to make the middle term presumptive and to allow the imposition of the upper term only "when there are circumstances in aggravation of the crime," and the facts underlying those circumstances "have been found true beyond a reasonable doubt at trial by the jury or by the judge in a court trial."  (§ 1170, subd. (b)(2); Stats. 2021, ch. 731, § 1.3.)  That same year, the Legislature implemented a similar rule with respect to resentencing:

> Unless the court originally imposed the upper term, the court may not impose a sentence exceeding the middle term unless there are circumstances in

6

aggravation that justify the imposition of a term of imprisonment exceeding the middle term, and those facts have been stipulated to by the defendant, or have been found true beyond a reasonable doubt at trial by the jury or by the judge in a court trial.

(§ 1172.75, subd. (d)(4).)

The trial court interpreted section 1172.75 as permitting the reimposition of the upper term without the "need to make any additional findings" where, as here, the original sentencing court selected the upper term. We review issues of statutory interpretation de novo. (*People v. Superior Court* (*Guevara*) (2025) 18 Cal.5th 838, 856.)

B. *Statutory Analysis*

Statutory interpretation begins with an examination of the text. (*People v. Partee* (2020) 8 Cal.5th 860, 867.) "If the language of the statute is not ambiguous, the plain meaning controls and resort to extrinsic sources to determine the Legislature's intent is unnecessary." (*Kavanaugh v. West Sonoma County Union High School Dist.* (2003) 29 Cal.4th 911, 919; see also *People v. Walker* (2002) 29 Cal.4th 577, 581.) "Although courts may disregard literal interpretation of a statute . . . [citation], they should do so rarely, and only in 'extreme cases'—those in which, as a matter of law, the Legislature did not intend the statute to have its literal effect . . . ." (*Gorham Co., Inc. v. First Financial Ins. Co.* (2006) 139 Cal.App.4th 1532, 1543–1544.)

"[A] proviso or clause beginning with the word 'unless' means an exception or condition subsequent rather than a condition precedent." (*Baggett v. Housing Authority* (1987) 195 Cal.App.3d 383, 389.) Thus, because section 1172.75, subdivision

7

(d)(4) begins with the word "unless", the provision can easily be broken down into two components, a requirement and an exception. To impose a sentence exceeding the midterm, it is required that there was a stipulation to aggravating circumstances, or a factfinder must have found aggravating circumstances true beyond a reasonable doubt. This requirement, however, is not applicable where, as in this case, the sentencing court originally imposed the upper term. There is no ambiguity. (*People v. Brannon-Thompson* (2024) 104 Cal.App.5th 455, 466–467 (*Brannon-Thompson*) [plain meaning of § 1172.75, subd. (b) is that its requirements apply only if a trial court is imposing an upper term for the first time]; accord, *People v. Dozier* (2025) 116 Cal.App.5th 700, 712–713.)

Defendant contends the plain meaning of the statute should not be followed because to do so would violate his Sixth Amendment right to a jury trial. He suggests we disregard *Brannon-Thompson* and apply *People v. Gonzalez* (2024) 107 Cal.App.5th 312 (*Gonzalez*)—a case that disagreed with *Brannon-Thompson* on the ground that the Sixth Amendment demands the burden of proof requirements apply even if the upper term was imposed on the original sentence. (*Id*. at pp. 328–332.)[5] In our view, *Brannon-Thompson* offers the better approach.

Setting aside the importance of adhering to the plain meaning of the statute, *Gonzalez* did not address the principle

---

[5] In its effort to save section 1172.75, subdivision (d)(4) from what it perceived to be constitutional infirmity, *Gonzalez* interpreted the first sentence of the provision as "restrict[ing] the scope of defendants eligible to receive the upper term at resentencing . . . ." (*Id*. at pp. 329–330.)

that the Sixth Amendment requires "any fact that exposes a defendant to *a greater potential sentence* must be found by a jury, not a judge, and established beyond a reasonable doubt." (*Cunningham v. California* (2007) 549 U.S. 270, 281, italics added.)  Section 1172.75 is an ameliorative statute that precludes the imposition of any greater sentence and only permits resentencing courts to reduce the original sentence or leave it intact.  (§ 1172.75, subd. (d)(1).)  In other words, the provision does not contemplate improper factfinding to impose a sentence that is greater than the original sentence.  (See *People v. Perez* (2018) 4 Cal.5th 1055, 1063–1064 [Proposition 36 resentencing scheme does not violate the Sixth Amendment because a factual finding that results in resentencing ineligibility does not increase the defendant's sentence; it simply allows the original sentence to remain].)[6]

## II.  *Section 1385*

### A.  *The Amendment*

Section 1385 was amended, effective January 1, 2022, in a way that forced trial courts to consider specified factors favoring the dismissal of enhancements.  (*People v. Sek* (2022) 74 Cal.App.5th 657, 674; Stats. 2021, ch. 721, § 1.)  The parties do not dispute that the amendment applied to defendant's resentencing.

---

[6]     The issue of whether section 1172.75, subdivision (d)(4) allows the trial court to reimpose an upper term sentence when circumstances in aggravation were neither stipulated to nor found true beyond a reasonable doubt is pending before the Supreme Court in *People v. Eaton* (Mar. 14, 2025, C096853) [nonpub. opn.], review granted May 14, 2025, S289903.

One of the amendments—section 1385, subdivision (c)—instructs trial courts that, in the absence of an exception not applicable here, they "shall dismiss an enhancement if it is in the furtherance of justice to do so."  (§ 1385, subd. (c)(1).)  The Legislature guided a component of the court's discretion by requiring that it "afford great weight" to enumerated mitigating circumstances which, for the purpose of this case, include (1) multiple enhancements alleged in a single case (whereupon all enhancements sans one "shall be dismissed") and (2) the enhancement could trigger a term of over 20 years (in which case it "shall be dismissed").  (§ 1385, subds. (c)(2)(B) & (c)(2)(C).)  A proven factor in mitigation "weighs greatly in favor of [dismissal] . . . unless the court finds that dismissal of the enhancement would endanger public safety" or, in other words "would result in physical injury or other serious danger to others."  (§ 1385, subd. (c)(2).)

A ruling on whether to dismiss under section 1385 is reviewed for an abuse of discretion.  (*People v. Gonzalez* (2024) 103 Cal.App.5th 215, 225; *Nazir v. Superior Court* (2022) 79 Cal.App.5th 478, 490 (*Nazir*).)  "A trial court may abuse its discretion where 'its decision is so irrational or arbitrary that no reasonable person could agree with it,' 'where the trial court was not "aware of its discretion"' to dismiss a sentencing allegation under section 1385, or 'where the court considered impermissible factors in declining to dismiss.' [Citations.]" (*Nazir*, *supra*, 79 Cal.App.5th at p. 490.)

B. *The Ruling*

The trial court made several comments regarding the motion and whether to dismiss enhancements.  First, the trial court indicated it "read" and "considered" defendant's briefing on

10

resentencing as well as the prosecutor's opposition. It itemized each pleading filed by the parties, commented, "I believe I have read everything" and then asked counsel if anything was filed that was not included in the list of pleadings it read. Both counsel replied, "No."

Second, after the trial court announced its intention to reduce the sentence by dismissing the prior prison term enhancement it stated, "the court is not intending to add any additional time to make up for that, and therefore, the court does not need to address . . . dangerousness at all. What the court needs to address is what else might be in the interest of justice to strike at a full re-sentencing hearing." The court then immediately turned to sentencing whereupon it reimposed the upper term for manslaughter and, with respect to the enhancements, it simply stated "it is not in the interest of justice to strike anything further."

Third, after imposing sentence and taking "note . . . [of] the factors of the crime," including that defendant was on parole when he committed it, the trial court made the following observations with respect to circumstances in mitigation:

(1) "[T]here is almost nothing on the mitigation side of this. Of the things he has done over the period of time he's been in state prison, the argument is 'well, he has not gotten in too much trouble so, therefore, that should be counted in mitigation' There's no real classes here. There's nothing."

(2) "What I'm looking at here from [defendant] is there's nothing in regards to the mitigation. (*Sic*.) So the court is considering post-conviction factors here, but don't see a lot there." (*Sic*.)

11

C. *Analysis*

Defendant's argument that the trial court erred can be broken down into two parts. He initially contends the use of the words "shall be dismissed" in section 1385, subdivisions (c)(2)(B) and (c)(2)(C) required the trial court to dismiss enhancements if the circumstances specified therein were proven. Defendant acknowledges that "every appellate court to consider [his] interpretation of 'shall be dismissed' has rejected it," but asks this court to part ways with those decisions. We are not inclined to do so and reject defendant's interpretation of the statute for the same reasons articulated by our colleagues—the dismissal of an enhancement under subdivisions (c)(2)(B) and (c)(2)(C) is not mandatory but is permissible if the trial court finds, pursuant to section (c)(1), that it is in the furtherance of justice to do so or that dismissal would not endanger public safety as explained in subdivision (c)(2). (*People v. Cota* (2023) 97 Cal.App.5th 318, 335–340; *People v. Mazur* (2023) 97 Cal.App.5th 438, 444; *People v. Renteria* (2023) 96 Cal.App.5th 1276, 1286–1290; *People v. Anderson* (2023) 88 Cal.App.5th 233, 238–241; *People v. Mendoza* (2023) 88 Cal.App.5th 287, 294–297, *People v. Lipscomb* (2022) 87 Cal.App.5th 9, 17–21, and *People v. Walker* (2022) 86 Cal.App.5th 386, 395–398, aff'd on other grounds in *People v. Walker* (2024) 16 Cal.5th 1024.)

Defendant next argues the trial court improperly failed to (a) afford great weight to the circumstances favoring dismissal, and (b) expressly address "dangerousness." There is no merit to either contention.

With respect to the weight given to the section 1385, subdivision (c)(2) factors, we presume the trial court correctly applied the law "in the absence of an affirmative record to the

12

contrary." (*People v. Brugman* (2021) 62 Cal.App.5th 608, 637.) There is nothing in the record to rebut that presumption. In fact, defendant's briefing (which the trial court expressly stated it read) pushed the trial court to comply with section 1385, subdivision (c)(2) and assign "great weight" to the mitigating circumstances. We presume the trial court acted in conformity with the legislative directive.

We acknowledge that it is hard to explain the court's reason for finding it unnecessary to address the component of dangerousness, i.e., because it had no plan to counteract dismissal of the prison term enhancement with "additional time." But its ultimate decision to disregard whether dismissal of an enhancement would endanger public safety did not, under these circumstances, equate to an abuse of discretion. (See *People v. Zapien* (1993) 4 Cal.4th 929, 976 ["a ruling or decision, itself correct in law, will not be disturbed on appeal merely because given for a wrong reason"].)

Our Supreme Court has reviewed the language of section 1385, subdivision (c) and held "absent a finding that dismissal would endanger public safety, a court *retains the discretion to impose or dismiss enhancements* provided that it assigns significant value to the enumerated mitigating circumstances when they are present." (*People v. Walker, supra,* 16 Cal.5th at p. 1029, italics added.) "The trial court must find that *any* dismissal under subdivision (c) is in 'furtherance of justice.' [Citation.] The 'endanger public safety' language applies only as an exception to the requirement that the court must give 'great weight' to the presence of any mitigating circumstances. [Citation.] But the controlling 'furtherance of justice' standard is broader and allows the court to consider factors beyond public

13

safety in exercising its discretion whether to dismiss an enhancement, including the nature and circumstances of the crimes and defendant's background, character, and prospects." (*People v. Mazur* (2023) 97 Cal.App.5th 438, 446.)

In the end, the trial court followed this blueprint. Although two factors favoring dismissal existed, and we presume the court assigned the appropriate weight to them, the trial court did not abuse its discretion in declining to dismiss an enhancement because it explicitly stated it assessed whether it was in the "interest of justice to do so"[7] and concluded that dismissal was unwarranted due to the "factors of the crime," his status as a parolee when the crime was committed, and because "there's nothing" supporting "post-conviction factors [in mitigation]."[8] The trial court complied with the statutory directives and its ruling was not arbitrary or capricious.

---

[7] The terms "furtherance of justice" and "interest of justice" have historically been used interchangeably. (See, e.g., *Wheeler v. Superior Court* (2024) 15 Cal.5th 1193, 1206; *People v. Mazur, supra*, 97 Cal.App.5th 438, 446; *People v. Andrade* (1978) 86 Cal.App.3d 963, 977.) Defendant does not argue these two phrases are different in any way that is material to this case.

[8] Defendant does not contend the trial court's comments were unsupported by the record. Indeed, the record provides some validation of the court's observations. Not to be deterred by his parolee status, defendant entered the home of another and stabbed an occupant to death—a particularly callous act. In addition, the People presented evidence that defendant committed six rule violations while in prison. The defense offered argument that the absence of "violent" rule violations was commendable but made no showing that defendant completed any state prison programs targeted toward rehabilitation.

14

## DISPOSITION

The trial court is directed to amend the abstract of judgment to reflect its oral pronouncement of 3,987 days of actual credit and an additional 61 days of conduct credit for a total of 4,048 days of custody credit. The amended abstract of judgment is to be forwarded to the Department of Corrections and Rehabilitation. In all other respects, the judgment is affirmed.

<u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS</u>.


KUMAR, J.*

We Concur:


MOOR, Acting P. J.


KIM (D.), J.

---

\*      Retired Judge of the Superior Court of Los Angeles County, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.