[Crim. No. 15238. First Dist., Div. Four. July 20, 1976.]

THE PEOPLE, Plaintiff and Appellant, v.
FRANK ROGER KESSEL, Defendant and Respondent.

## COUNSEL

Evelle J. Younger, Attorney General, Jack R. Winkler, Chief Assistant Attorney General, Edward P. O'Brien, Assistant Attorney General, W. Eric Collins and Sanford Svetcov, Deputy Attorneys General, for Plaintiff and Appellant.

Mager & Matthews and Thomas C. Edwards for Defendant and Respondent.

## OPINION

**THE COURT.**\*—The People have appealed from an order dismissing an information which charged respondent Frank Roger Kessel with

---

\*Before Caldecott, P. J., Christian, J., and Emerson, J.†

†Retired judge of the superior court sitting under assignment by the Chairman of the Judicial Council.

battery upon a peace officer (Pen. Code, §§ 242, 243) and drunk driving (Veh. Code, § 23102, subd. (a)).

Upon respondent's plea of not guilty, the cause was set for trial on January 13, 1976; there was no objection by the defense, though the information had been filed on November 10, 1975.

Continuances were had, either at the request of the defense, or without objection, until February 2, 1976. On that date, a seven-day continuance was granted to the People, without objection. On February 9, 1976, an additional seven-day continuance, requested by the People, was denied. The information was then dismissed upon motion of the defendant, and the present appeal followed.

The February 9 request for an additional seven-day continuance was made on the ground that the deputy district attorney assigned to the case was presently unavailable. After the request was denied, the case was assigned to another department for trial. A delay of several hours ensued. Later an additional delay of some hours was granted to the district attorney because he had no available prosecutor to handle the case. Finally, later the same afternoon, the case was called for trial, and a deputy district attorney informed the court that because he had just been assigned to the case he was unacquainted with the facts; he requested a continuance of one week, "[t]he People not being ready to proceed."

Respondent contends that the court acted within the bounds of its discretion in dismissing the case under Penal Code section 1382.[1] Respondent argues that although he consented to a trial date beyond the 60-day period specified in section 1382 (Feb. 2, 1976), he was not "brought to trial" on that date or within 10 days thereafter. Instead, the district attorney requested another continuance on February 9, which if granted would have delayed the trial 4 days beyond the 10-day grace period allowed by section 1382. Respondent submits that the work load of the district attorney does not constitute good cause for delay beyond the 10-day grace period, especially in light of the numerous continuances and delays which had already been allowed. Relying on *Sykes* v.

---

[1]The pertinent provisions of Penal Code section 1382 provide: "The court, unless good cause to the contrary is shown, must order the action to be dismissed in the following cases: . . . 2. When a defendant is not brought to trial in a superior court within 60 days after the . . . filing of the information . . . ; except that an action shall not be dismissed under this subdivision if it is set for trial on a date beyond the 60-day period at the request of the defendant or with his consent, express or implied, . . . and if the defendant is brought to trial on the date so set for trial or within 10 days thereafter."

*Superior Court* (1973) 9 Cal.3d 83, 88-89 [106 Cal.Rptr. 786, 507 P.2d 90], respondent argues that he is not required to make any showing to justify dismissal, other than that the period allowed for in section 1382 had elapsed; in particular, he contends that he is not required to show that he has been prejudiced by the delay.

 The People contend that the trial court abused its discretion in refusing the People's requested continuance and in dismissing the action. The People argue that since the prosecution's request for a 7-day continuance would have resulted in a trial date within the 10-day grace period allowed by Penal Code section 1382, no showing of good cause was required. Good cause must be shown for any further delays beyond the 10-day period allowed by section 1382. But no showing of good cause was necessary in support of the People's request to bring respondent to trial, since the requested date was within 10 days after the last date which respondent had consented to. Section 1382 provides that the action "shall not be dismissed" if it has been so set. (Cf. *Malengo* v. *Municipal Court* (1961) 56 Cal.2d 813, 815-816 [17 Cal.Rptr. 10, 366 P.2d 453].) Contrary to respondent's assertions, the last date the case was set for trial with respondent's consent was February 9, not February 2. By respondent's failure to object to the February 2 continuance, he had effectively consented to the postponement up to and including February 9. It was on February 9 that the critical 10-day period commenced. (Cf. *Townsend* v. *Superior Court* (1975) 15 Cal.3d 774, 783 [126 Cal.Rptr. 251, 543 P.2d 619]; *People* v. *Wilson* (1963) 60 Cal.2d 139, 145-146 [32 Cal.Rptr. 44, 383 P.2d 452].) Consequently, respondent's contention that the work load of the district attorney did not constitute good cause for delay is premature. Moreover, the reason given by the district attorney for delay, his heavy case load, has been held to justify the court in granting a delay for good cause. (Cf. *Townsend* v. *Superior Court, supra,* 15 Cal.3d 774, 783-784; *People* v. *Superior Court (Lerma)* (1975) 48 Cal.App.3d 1003, 1008-1010 [122 Cal.Rptr. 267].)

 Respondent contends that the trial court was warranted in dismissing the action in the "furtherance of justice." The pertinent provisions of Penal Code section 1385 provide: "The court may, either of its own motion or upon the application of the prosecuting attorney, and in furtherance of justice, order an action to be dismissed. The reasons of the dismissal must be set forth in an order entered upon the minutes. . . ." The trial court's discretion to dismiss in the "furtherance of justice" is very broad, although subject to the requirement that reasons for the dismissal be such as would motivate a reasonable person. (*People*

v. *Borousk* · (1972) 24 Cal.App.3d · 147, 163 [100 Cal.Rptr. 867].) But a dismissal under · Penal Code section 1385 would also be an abuse of discretion, since there was no showing of detriment to respondent. (Cf. *People* v. *Orin* (1975) 13 Cal.3d 937, 947 [120 Cal.Rptr. 65, 533 P.2d 193].) The People's right to be heard cannot be frustrated to accommodate judicial convenience or because of court congestion. A dismissal under section 1385 for such a reason is an abuse of discretion. (Cf. *People* v. *Orin, supra,* 13 Cal.3d at pp. 945-951; *People* v. *Yniquez* (1974) 42 Cal.App.3d Supp. 13 [116 Cal.Rptr. 626].)

The order is reversed.