[Crim. No. 36019. Second Dist., Div. One. May 5, 1980.]

THE PEOPLE, Plaintiff and Appellant, v.
NORMA PAT ARNOLD, Defendant and Respondent.

COUNSEL

John K. Van de Kamp, District Attorney, Donald J. Kaplan and Sterling S. Suga, Deputy District Attorneys, for Plaintiff and Appellant.

Jeffrey H. Friedman, Terry M. Giles and Giles, Callahan, McCune, Willis & Edwards for Defendant and Respondent.

## OPINION

**LILLIE, J.**—The People appeal from order dismissing an information charging Norma Pat Arnold with murder (Pen. Code, § 187).

Appellant contends that the trial court erred in denying the People's request that the case continue to trail until the end of the statutory 10-day grace period specified in Penal Code section 1382, subdivision 2 in order to provide them an opportunity to obtain an essential witness; and that a dismissal for reasons cognizable under Penal Code section 1382, but insufficient thereunder, may not be grounded upon Penal Code section 1385, thereby circumventing Penal Code section 1382.

Following the filing of an information defendant on February 7, 1979, was arraigned and entered a plea of not guilty. A pretrial conference was set for February 28, 1979, with trial set for March 27, 1979. On March 27, April 26 and May 30, 1979, defense motions for continuance of trial were granted. At the May 30 hearing, both defendant and her counsel waived time for trial. On June 6, 1979, upon stipulation of the parties, trial was again continued to July 30, 1979, defendant once more waiving time for trial; said the judge, "On that date I expect it to go to trial."

On July 30, 1979, the People said they were not ready to proceed and requested a continuance to locate one of two essential witnesses. The deputy district attorney, who had recently been assigned to the case, indicated subpoenas had been issued but not served, and he requested the case be continued for one week or, in the alternative, the matter trail for one or two days permitting the People to contact their witnesses. The prosecutor further advised the court that its lack of readiness stemmed, at least in part, from the fact he had "received a phone call from [the defense counsel's] office that they were not going to be ready this morning." So far as revealed by our record, at no time did defendant or her counsel ever object to the People's motion. In fact, defense counsel partially confirmed the prosecutor's statement when he observed: "I might indicate for the record, Your Honor, that we had a conflict in our calendar for this morning. [¶] Our phone calls to the District Attorney's office and to the Court to see about a continuance in this matter was to eliminate that conflict. [¶] I was informed Friday that this matter was to go." Later he added, "Your Honor, I might just

indicate that I'm presently trailing at this time in a case in superior court in Orange County and whatever the Court should decide, if the Court could keep that in mind making appropriate order concerning my presence here."

 We agree with appellant's contention that the trial court erred in denying its request to trail the matter and ordering the cause dismissed. Subdivision 2 of Penal Code section 1382 provides that "an action shall not be dismissed under this subdivision if it is set for trial on a date beyond the 60-day period at the request of the defendant or with his consent...if the defendant is brought to trial on the date so set for trial or within 10 days thereafter."

Here, the trial most recently had been continued by stipulation of the parties and with the express consent of defendant. The 10-day period following this latest trial date had not even begun to run, thus the court erred in dismissing under section 1382, subdivision 2, Penal Code. (*People* v. *Hernandez* (1979) 97 Cal.App.3d 451, 454 [158 Cal.Rptr. 742]; *People* v. *Kessel* (1976) 61 Cal.App.3d 322, 325 [132 Cal.Rptr. 126]; *Tudman* v. *Superior Court* (1972) 29 Cal.App.3d 129, 133 [105 Cal. Rptr. 391].)

 Neither can the order of dismissal be upheld under the terms of Penal Code section 1385. Initially we note that the court orally dismissed the action "for failure of prosecution," and its minutes indicate "Case dismissed pursuant to Section 1382 PC, the people's witnesses not being available." (Italics added.) Moreover, such clerical notation clearly was not an attempt to comply with section 1385's mandatory requirement that "The reasons of the dismissal must be set forth in an order entered upon the minutes." (See generally *People* v. *Orin* (1975) 13 Cal.3d 937, 943 et seq. [120 Cal.Rptr. 65, 533 P.2d 193]; *People* v. *Andrade* (1978) 86 Cal.App.3d 963, 974 [150 Cal.Rptr. 662].)

 Finally, it has been held "the Legislature has specifically determined in section 1382 that 10 days is a reasonable time in which to bring to trial a defendant who has consented to a postponement beyond the original 60-day period. A dismissal within the 10-day period would be contrary to legislative policy and thus not in furtherance of justice. [Citations.]" (*People* v. *Hernandez* (1979) 97 Cal.App.3d 451, 455 [158 Cal.Rptr. 742].)

We note that when informed by the prosecutor that "Under *People* v. *Kessel*, 61 Cal.App.3d 322,[1] good cause does not have to be shown," the court replied, "It does in this court. You may take your appeal depending on how I rule on it." The trial judge would be well advised in the future to render an informed decision by resort to careful consideration of the circumstances of the case before him and the authorities cited to him before inviting the parties to expend effort, time and money to appeal to a court that is already heavily burdened.

The order is reversed.

Jefferson (Bernard), P. J., and Hanson (Thaxton), J., concurred.

Respondent's petition for a hearing by the Supreme Court was denied July 2, 1980. Bird, C. J., was of the opinion that the petition should be granted.

---

[1]There the court held that the trial court should not have dismissed the information, since the prosecution's request for a seven-day continuance would have resulted in a trial date within the ten-day grace period allowed by section 1382, Penal Code, and "no showing of good cause was required." (*People* v. *Kessel* (1976) 61 Cal.App.3d 322, 325 [132 Cal.Rptr. 126].)