[Civ. No. 25691. Fourth Dist., Div. Two. Oct. 1, 1981.]

ARTHUR JOHN WIZAR, JR., Petitioner, v.
THE SUPERIOR COURT OF SAN BERNARDINO COUNTY,
Respondent;
THE PEOPLE, Real Party in Interest.

COUNSEL

Charles E. Ward, Public Defender, and Terry R. Kolkey, Deputy Public Defender, for Petitioner.

No appearance for Respondent.

Dennis E. Kottmeier, District Attorney, and Joseph A. Burns, Deputy District Attorney, for Real Party in Interest.

OPINION

**MORRIS, J.**—Petitioner seeks a writ of prohibition to prevent the respondent court from taking any further action based upon an information that charges him with one count of burglary (Pen. Code, § 459).[1] It is claimed that petitioner was not legally committed, because the magistrate at his preliminary hearing refused his request for a continuance. This petition was filed after the respondent court denied petitioner's motion to set aside the information under section 995. We deny the petition.

FACTS

Petitioner was arrested on December 4, 1980. At his December 8 arraignment in the West Valley Municipal Court a preliminary hearing was set for December 18. On December 18 (a Thursday) petitioner's

---

[1]All references are to the Penal Code.

counsel requested that the preliminary hearing be continued until December 22 (a Monday), the 10th court day after the arraignment. Counsel stated that he needed the continuance in order to interview two witnesses who could possibly allow petitioner to present an affirmative defense at the preliminary hearing. Counsel informed the magistrate that he had only discovered the witnesses that morning in talking to petitioner. The request for continuance was denied and the hearing was held. At the preliminary hearing, the People put on two witnesses, the burglary victim and a police officer who testified that he saw petitioner and two others at the scene of the burglary. Both witnesses were cross-examined by petitioner's counsel and by the attorneys for petitioner's codefendants. There were no defense witnesses at the preliminary hearing. Petitioner was held to answer in the superior court.

Following his arraignment in the superior court, petitioner made a motion under section 995 to set aside the information on the ground that he was illegally committed because of the denial of the continuance. He presented evidence, in the form of docket sheets from 92 felony cases filed in the West Valley Municipal Court and affidavits of six attorneys who regularly appear in that court, stating that the West Valley Municipal Court has a practice of routinely granting prosecution motions for continuances within or up to the 10th day after arraignment.

Petitioner's section 995 motion was denied. He then petitioned this court for a writ of prohibition. We denied the petition. His subsequent petition for hearing was granted by the Supreme Court, which transferred the matter to this court with directions to issue an alternative writ of prohibition. The alternative writ has been issued and we now consider the petition on its merits.

## DISCUSSION

■ Section 995 compels the superior court to set aside an information if "the defendant [has] not been legally committed by a magistrate." The Supreme Court has held that "'where it appears that, during the course of the preliminary examination, *the defendant has been denied a substantial right*, the commitment is unlawful within the meaning of section 995 . . . .'" (*Jennings* v. *Superior Court* (1967) 66 Cal.2d 867, 874 [59 Cal.Rptr. 440, 428 P.2d 304], italics added in *Jennings*.) ■ Therefore, the issue is whether petitioner was denied a substantial

right when his request for a continuance was refused. We conclude that no such right has been denied.

Petitioner had no statutory right to a continuance. Section 859b governs the time for preliminary hearings.[2] It requires the preliminary hearing date to be set at the time of the defendant's arraignment. In setting that date, the district attorney and the defendant must be given "not less than two days, excluding Sundays and holidays, . . . to prepare for the examination." The latest that the preliminary hearing can be scheduled, however, is 10 court days after the arraignment. Thus, although certain circumstances not relevant here allow a continuance beyond the 10th court day, for the purposes of this case, section 859b requires the preliminary hearing to be held sometime between the second and tenth court day following the arraignment.

Petitioner claims that a continuance within the 10-day period should have been granted, because, while the Legislature has determined that both the People and the defendant have a right to a preliminary hearing within 10 days, neither has a right to a hearing earlier than the 10th day. Petitioner has misread the statute. Section 859b provides, *"Both the defendant and the people have the right to a preliminary examination at the earliest possible time, and unless both waive that right or good cause for a continuance is found as provided for in Section 1050, the preliminary examination shall be held within 10 court days of the*

---

[2]At the time of petitioner's preliminary hearing, section 859b provided: "At the time the defendant appears before the magistrate for arraignment, if the public offense is a felony to which the defendant has not pleaded guilty in accordance with Section 859a, the magistrate, *immediately upon the appearance of counsel, or if none appears, after waiting a reasonable time therefor as provided in Section 859,* must set a time for the examination of the case and must allow not less than two days, excluding Sundays and holidays, for the district attorney and the defendant to prepare for the examination. He must also issue subpoenas, subscribed by him, for witnesses within the state, required either by the prosecution or the defense.

"Both the defendant and the people have the right to a preliminary examination at the earliest possible time, and unless both waive that right or good cause for a continuance is found as provided for in Section 1050, the preliminary examination shall be held within 10 court days of the date the defendant is arraigned or pleads, whichever occurs later. In no instance shall the preliminary examination be continued beyond 10 court days from such arraignment or plea whenever the defendant is in custody at the time of such arraignment or plea and the defendant does not personally waive his right to preliminary examination within such 10 court days." (Stats. 1977, ch. 1152, § 1, p. 3698.)

The current version of section 859b did not become effective until two weeks after petitioner's preliminary hearing. However, none of these most recent amendments would substantively affect the present case. (Stats. 1980, ch. 938, § 1, p. 2965.)

date the defendant is arraigned or pleads, whichever occurs later." (Italics added:) The statute sets 10 court days as the outside limit for the holding of the preliminary hearing, but expressly gives each side the right to a hearing earlier than the 10th court day. Therefore, section 859b compelled the magistrate to take into account the People's right to a preliminary hearing "at the earliest possible time" when he considered petitioner's request for the continuance.

Petitioner's reliance on *People* v. *Arnold* (1980) 105 Cal.App.3d 456 [164 Cal.Rptr. 367], is misplaced. In *Arnold*, it was held error to dismiss an action and not allow the People to trail a case within a 10-day period after the date set for trial. However, the *Arnold* court so ruled based upon the express mandate of a different statute than the one which governs the present case. Section 1382, subdivision 2, requires the dismissal of an action when a defendant is not brought to trial within 60 days after the filing of the information, but also provides that "an action shall not be dismissed . . . if it is set for trial on a date beyond the 60-day period at the request of the defendant or with his consent . . . and if the defendant is brought to trial on the date so set for trial *or within 10 days thereafter*." (Italics added.) The 10-day period of section 1382, subdivision 2, is not at all applicable to preliminary hearings and certainly does nothing to weaken the clear language of section 859b.

Although petitioner had no statutory right to the requested continuance, constitutional considerations precluded the magistrate from arbitrarily denying it. ■ "'While the determination of whether in any given case a continuance should be granted "normally rests in the discretion of the trial court" [citation], that discretion may not be exercised in such a manner as to deprive the defendant of a reasonable opportunity to prepare his defense. "That counsel for a defendant has a right to reasonable opportunity to prepare for a trial is as fundamental as is the right to counsel." [Citations.] It is also as fundamental as the defendant's right to be advised of the charges against him, for the latter right is illusory if he then is denied sufficient time to prepare to meet such charges. [Citation.]'" (*Jennings* v. *Superior Court, supra*, 66 Cal. 2d 867, 875-876.)

■ In *Jennings*, the petitioner wanted to establish at his preliminary hearing that he had been framed on charges of illegal possession of narcotics and narcotics paraphernalia. He requested a four-day continuance so that a particular witness could be brought to the hearing. Peti-

tioner's counsel made an offer of proof that the witness would testify that she arranged a meeting with petitioner, drove with him to the location where police were waiting, and left the car as a signal for the police to arrest petitioner. The People conceded that the defense had made a good faith effort to locate the witness. The motion for the continuance was denied, because the proffered evidence established only an affirmative defense which the magistrate felt was not relevant to a preliminary hearing. The Supreme Court disagreed, holding that "the defendant must be permitted, if he chooses, to elicit testimony or introduce evidence tending to overcome the prosecution's case or establish an affirmative defense." (66 Cal.2d at p. 880.) It was thus held that the refusal to grant the continuance was a denial of petitioner's substantial rights.

The pertinent rule of *Jennings* is that a defendant is denied a substantial right, and is therefore not legally committed by a magistrate, if he is not given a reasonable opportunity to prepare an affirmative defense for his preliminary hearing. ■ In the present case, petitioner has failed to show that he has been denied such an opportunity. Although it appears that petitioner's counsel requested the continuance to interview two witnesses whose existence was first made known to him by petitioner on the morning of the preliminary hearing, no explanation was offered to the magistrate as to why the witnesses could not have been discovered and interviewed earlier.[3] (See *People* v. *Buckowski* (1951) 37 Cal.2d 629, 631 [233 P.2d 912], cert. den. (1952) 342 U.S. 928 [96 L.Ed. 692, 72 S.Ct. 369].) Absent such an explanation, we cannot say that petitioner was denied a substantial right during the course of his preliminary hearing.

---

[3]The following proceedings occurred at the beginning of the preliminary hearing:

"Mr. Kolkey [petitioner's counsel]: Motion for a continuance, Your Honor, so we can locate a couple of witnesses for potential affirmative defense. At this point I think the tenth day is the 22nd. We would make a motion to continue this to the tenth day or beyond that.

". . . . . . . . . . . . . .

"Mr. Admire [deputy district attorney]: We do, however, object to the continuance. Witnesses are present.

". . . . . . . . . . . . . .

"The Court: Articulate the discovery that was lacking. When did you discover it?

"Mr. Kolkey: This morning in talking with my client.

"The Court: So it's nothing that was held back from the prosecution—

"Mr. Kolkey: No, no.

"The Court: —by the prosecution?

"Mr. Kolkey: We would like to contact a couple of witnesses so we can possibly—if we feel, after we talk to the witnesses—possibly put on an affirmative defense.

"The Court: That's all too nebulous. You've had opportunities since your appoint-

Finally, we find not material petitioner's attempt to show that the West Valley Municipal Court routinely grants prosecution motions for continuances to the 10th court day, even absent a showing of good cause. Petitioner has presented no argument concerning the relevancy of this evidence to his case, except for the conclusionary statement that to deny similar defense continuance motions "is a serious miscarriage of justice and a denial of Equal Protection of the Law under the 14th Amendment." It has already been determined that defendant was not denied a substantial right at his preliminary hearing. This conclusion cannot be altered by a showing of disparate treatment for the People in other cases. At best, petitioner has shown that the West Valley Municipal Court regularly impinges on defendants' rights to preliminary hearings "at the earliest possible time" by granting without question prosecution continuance motions. The point should be raised in those cases, not here.

The alternative writ of prohibition is discharged and the petition is denied.

Gardner, P. J., and Tamura, J., concurred.

Petitioner's application for a hearing by the Supreme Court was denied December 9, 1981.

---

ment to discuss all these matters with the defendants before today. Motion is denied. Proceed.

"Mr. Admire: People would call Larry Smith.

"Mr. Kolkey: Your Honor, before I do—before we do that, I would like to make it clear the tenth day is December the 22nd.

"The Court: The record shows what the tenth day is, Mr. Kolkey. They were arraigned on December 8th, December 11th, and—December 8th and December 11th.

"Mr. Kolkey: Thank you, Your Honor."