[No. H0003827. Sixth Dist. Mar. 31, 1989.]

THE PEOPLE, Plaintiff and Appellant, v.
HEIN VAN LUU, Defendant and Respondent.

[Opinion certified for partial publication.*]

---

*Pursuant to California Rules of Court, rule 976(b), this opinion is certified for partial publication. The portion to be published follows.

**COUNSEL**

John K. Van de Kamp, Attorney General, Steve White, Chief Assistant Attorney General, John H. Sugiyama, Assistant Attorney General, David D. Salmon and Gloria F. DeHart, Deputy Attorneys General, for Plaintiff and Appellant.

Dallas Sacher for Defendant and Respondent.

**OPINION**

**CAPACCIOLI, J.**—Defendant Hein Van Luu was charged in an information with assault with a firearm. The superior court granted his motion to dismiss. (Pen. Code, § 995.)[1] The People appeal from the order. (§ 1238, subd. (a)(1).) Defendant claimed in his motion that the magistrate denied him substantial rights at his preliminary examination by violating the 10-day rule set forth in section 859b and by negating opportunities to learn the address of the victim. We conclude that defendant was not denied a substantial right and therefore reverse.

### STANDARD OF REVIEW

██ "It is settled that denial of a substantial right at the preliminary examination renders the ensuing commitment illegal and entitles a defendant to dismissal of the information on timely motion." (*People* v. *Pompa-Ortiz* (1980) 27 Cal.3d 519, 523 [165 Cal.Rptr. 851, 612 P.2d 941].) Our review is an independent one where our task is to determine whether the defendant was denied a substantial right at the preliminary examination. (*Id.* at pp. 523-524; *Wizar* v. *Superior Court* (1981) 124 Cal.App.3d 190, 193-194 [177 Cal.Rptr. 88].)

### FACTUAL BACKGROUND

At 2 a.m. on Halloween night, 1986, 16-year-old Tuan Ngo was leaving a pool hall with friends when defendant approached and asked if anyone had seen his sister. He addressed Ngo and repeated the question. Ngo responded no. Ngo had never seen defendant before. Ngo and his companions then departed in three automobiles. Defendant followed the group in his vehicle.

---

[1] All further statutory references are to the Penal Code.

Ngo was driving one of the automobiles and stopped at a gas station to ask defendant why defendant was following him. One of Ngo's friends made the inquiry and defendant related that he was looking for his sister. Ngo left the station and defendant continued to follow. Ngo drove to the home of one of his passengers and parked on the curb. Defendant parked in the middle of the street. Ngo got out of his car to approach defendant. Defendant lowered a window and shot Ngo in the stomach with a handgun.

### PROCEDURAL BACKGROUND

Defendant's preliminary hearing was set for April 1, 1987, but was continued to May 8, apparently by stipulation. Defendant was out of custody on bail. On May 8 the prosecutor told the magistrate he was not ready to proceed because Ngo had not been located. He requested a continuance until at least May 14. He explained that the district attorney's investigator received the case on May 5 and, on May 6, learned that a realtor knew the whereabouts of a friend of Ngo. The realtor was out of town until May 11. Defendant's counsel objected to the prosecutor's request and asked that the case be dismissed. He argued that the prosecutor had not shown good cause for a continuance within the meaning of section 1050. According to defendant's counsel, the prosecutor had not demonstrated due diligence in attempting to locate Ngo and had not shown that Ngo could, in fact, be produced. The prosecutor indicated that the investigator believed Ngo was in the area and would be located as soon as Ngo's friend could be contacted. The magistrate found good cause and granted the prosecutor's request for a continuance. Defendant's counsel then stated he was unavailable until May 19 or 20. The magistrate therefore continued the preliminary hearing until May 20.

On May 20, 1987, the prosecutor informed the magistrate that Ngo was present and she was ready to proceed. However, defendant's counsel requested a two-week continuance for the purpose of talking to Ngo and his acquaintances. He stated that the district attorney's investigator refused to give him Ngo's address. The magistrate asked Ngo whether Ngo was willing to talk to defendant's counsel or investigator and Ngo stated, "No, I don't." Defendant's counsel responded to the magistrate: "I would still make the same request for a continuance, Your Honor, on the basis that in March I sent a letter to the District Attorney's office requesting names and addresses of all witnesses, including the victim. I still don't have that information. And even if this victim, alleged victim is not willing to talk to me, it seems to me there's still investigation that needs to be done with regard to this person's background and the background of other people that were with him that apparently, the District Attorney has not yet located, although we have an idea of the neighborhood that they lived in." The prosecutor responded as follows: "Your Honor, if anything is relevant, it

would be the neighborhood of the victim, where the victim lived at the time of the incident and that was known to Counsel because all that is in the police report. The witnesses in the case, the names and identity of the victim were known to Counsel. I think Counsel believed that we would not be able to find the victim and that's why he was really not prepared to proceed today at all. We are ready to proceed." The magistrate then asked defendant's counsel the following question and received the following response: "You announced ready last time, Mr. Armstrong? [¶] MR. ARMSTRONG: Yes, that's right. But that was after I had called the District Attorney's office every day that week and they—it was clear that they had no victim."

The magistrate assigned the matter to another department where defendant's counsel and the prosecutor reiterated the substance of their positions on the request for a continuance. The second magistrate ruled as follows: "I'm going to deny the request for continuance. I think the matter should proceed at this time for at least two reasons: One, I believe when the continuance was granted from May 8th to the 20th, it put both sides on notice that the matter was to proceed and that both sides would be ready. Your representation, Mr. Armstrong, that you would not be ready until the 20th and agreeing to that date, I think, is a representation to the court that you would or should be ready. [¶] Number two, I think because, as [the prosecutor] says, the sensitiveness of the fact that we do have a victim who is, based on [the prosecutor's] representation, in fear for his safety because of this alleged incident, and probably that had something to do with the difficulty in having him present the last time. I think now that he's here, we should proceed."

Ngo was the sole witness. On cross-examination, defendant's counsel attempted to elicit information as to where Ngo resided. The prosecution's objections to these questions were sustained.

Defendant was held to answer in superior court. There, he filed a motion to dismiss the information. Defendant claimed in the motion that he was denied his right under section 859b to have his preliminary hearing held within 10 days of arraignment or plea because the magistrate continued the preliminary examination from May 8 to May 20, 1987, over his objection without a showing of good cause. Defendant also maintained he was deprived of a reasonable opportunity to prepare his defense because the magistrate refused him a continuance and the right to learn the victim's address on cross-examination.[2]

---

[2] On cross-examination defendant also asked Ngo his date of birth, his school, and the identity of the person who told him defendant's name. The magistrate permitted Ngo to give his age and Ngo indicated that he learned defendant's name from the process server who served him with the subpoena to appear and testify in this case. Otherwise, the magistrate sustained objections to the questions. That the magistrate sustained the objections was stated

It is unclear on which basis the trial court granted the motion. However, neither is sufficient to justify the order of dismissal.

### SECTION 859b

The Legislature has enacted a number of statutes that are supplementary to and a construction of the constitutional right to a speedy trial. (*People* v. *Wilson* (1963) 60 Cal.2d 139, 145 [32 Cal.Rptr. 44, 383 P.2d 452].) These statutes place time constraints on the government that are usually more specific and exacting than standards developed by the courts under constitutional interpretations. Most of these statutes provide specifically for dismissal of charges as a remedy if the designated time constraints are not met. (See, e.g., § 1382.) Some, however, do not provide a remedy even though the time constraints are set in mandatory language. (See, e.g., § 871.5, subd. (e).)

■ The purpose of the right to a speedy trial is to protect the accused from having criminal charges pending against him an undue length of time caused either by willful oppression, or the neglect of the state or its officers. (*People* v. *Wilson, supra,* 60 Cal.2d 139, 148.) Therefore, where a speedy trial statute specifically provides for dismissal as a remedy, a defendant need not affirmatively show that he has been prejudiced to be entitled to a dismissal prior to the commencement of trial. (*Id.* at p. 151.) On the other hand, once a defendant has been tried and convicted, no charges are pending against him and it is too late to relieve him of the delay in bringing him to trial. Thus, even where a speedy trial statute specifically provides for dismissal as a remedy, its violation is not reversible error on appeal in the absence of a showing of prejudice. (*Ibid.*)

■ The Attorney General contends defendant was required to show prejudice before his motion was granted because the applicable statute does not specifically provide for dismissal as the remedy for its violation. Defendant replies that the words of the statute are mandatory and thus compel dismissal as the remedy for its violation.

Section 859b is one of the statutes bearing upon the right to a speedy trial. It provides for the setting of a date for a preliminary examination before a magistrate in the case where a defendant is charged with a felony. The Attorney General and defendant agree that the second paragraph of section 859b is applicable to this case because defendant was not in custody. In examining the statute we are mindful of certain principles.

in defendant's motion, however, defendant advanced no argument concerning such. He also does not claim to us that these rulings of the magistrate are significant. Our analysis is accordingly limited to the issue of defendant's right to learn the victim's address on cross-examination.

■ "When the issue is one of statutory construction, 'a court's first recourse is properly to the language of the statute itself. [Citation.]' [Citation.] The words must be interpreted ' "according to the usual, ordinary import of the language employed in framing them." [Citation.]' . . . . [¶] ' "If the words of the statute are clear, the court should not add to or alter them to accomplish a purpose that does not appear on [its] face . . . or from its legislative history." ' [Citation.]" (*People* v. *Mackey* (1985) 176 Cal.App.3d 177, 182-184 [221 Cal.Rptr. 405].) Courts are "exceedingly reluctant to attach an interpretation to a particular statute which renders other existing provisions unnecessary." (*Bowland* v. *Municipal Court* (1976) 18 Cal.3d 479, 489 [134 Cal.Rptr. 630, 556 P.2d 1081].)

■ The second paragraph of section 859b provides: "Both the defendant and the people have the right to a preliminary examination at the earliest possible time, and unless both waive that right or good cause for a continuance is found as provided for in Section 1050, the preliminary examination shall be held within 10 court days of the date the defendant is arraigned or pleads, whichever occurs later."

Thus, the second paragraph of section 859b makes no mention of dismissal for failure to adhere to its 10-day rule.

In contrast, the third paragraph of section 859b, which concerns the same 10-day rule as the second paragraph, provides, in part: "Whenever the defendant is in custody, the magistrate shall dismiss the complaint if the preliminary examination is set or continued beyond 10 court days from the time of the arraignment or plea and the defendant has remained in custody for 10 or more court days solely on that complaint . . . ."

When the second and third paragraphs of section 859b are read together, the ordinary import of the language is that failure to provide a preliminary examination within the 10-day period mandates a dismissal only if a defendant is in custody solely on the complaint at issue. The third paragraph is unnecessary if the second paragraph also mandates dismissal because the second paragraph facially applies to any defendant whether in or out of custody.

We therefore conclude that the second paragraph of section 859b does not mandate dismissal as a remedy for its violation. Logically, a defendant should show prejudice resulting from a violation of the second paragraph of section 859b before a dismissal is warranted.

Defendant nevertheless relies upon *People* v. *Pompa-Ortiz, supra,* 27 Cal.3d at page 529, which holds: "Henceforth irregularities in the preliminary examination procedures which are not jurisdictional in the fundamental sense shall be reviewed under the appropriate standard of prejudicial

error and shall require reversal only if defendant can show that he was deprived of a fair trial or otherwise suffered prejudice as a result of the error at the preliminary examination. The right to relief without any showing of prejudice will be limited to pretrial challenges of irregularities."

However, the issue in *Pompa-Ortiz* was whether there existed a statutory right to a public preliminary examination notwithstanding "No statute specifically provides that the defendant is entitled to a public preliminary examination." (27 Cal.3d at p. 524, fn. omitted.) The Supreme Court answered this question affirmatively, and then independently concluded that this right was a substantial right the denial of which entitled the defendant to have the information set aside pursuant to section 995. (*Id.* at p. 526.) However, it affirmed the judgment of conviction in spite of a violation of the right because the defendant made no showing of prejudice. *Pompa-Ortiz* does not address itself to whether the right provided by the second paragraph of section 859b is a substantial right entitling a defendant to a dismissal without a showing of prejudice.

*Serrato* v. *Superior Court* (1978) 76 Cal.App.3d 459 [142 Cal.Rptr. 882] also does not assist defendant. The court's analysis of section 859b as it then read is similar to our analysis of the statute in its current form insofar as the Legislature is perceived to intend a stricter application of speedy trial statutes in favor of defendants in custody. There, the defendant was in custody and section 859b did not provide a fixed time limit for the setting of a preliminary examination except in the case of a defendant in custody.[3] While not providing for dismissal as a remedy, the statute imposed a mandatory time limit for the setting of preliminary hearings for defendants in custody and made no provision for defendants out of custody. The court "concluded that section 859b establishes an absolute right in favor of persons in custody charged with felonies to have the preliminary examination commenced within 10 court days after they have been arraigned upon, or entered a plea of not guilty to, the criminal complaint, whichever occurs later, and that in the absence of a waiver this right cannot be impinged upon by the magistrate, even on a showing of good cause. The last sentence of section 859b is couched in plain and mandatory language, and, alone, leaves no room for doubt as to the legislative intention. In addition, the 10-day deadline applies only to persons who are in custody, and this fact, per se,

[3] Section 859b then provided: "At the time the defendant appears before the magistrate for arraignment, if the public offense is a felony to which the defendant has not pleaded guilty in accordance with Section 859a, the magistrate, immediately upon the appearance of counsel, or if none appears, after waiting a reasonable time therefor as provided in Section 859, must set a time for the examination of the case and must allow not less than two days, excluding Sundays and holidays, for the district attorney and the defendant to prepare for the examination. . . . Unless the defendant waives the right, the defendant if he is in custody shall have the right to preliminary examination within 10 court days of the date he is arraigned or pleads, whichever occurs later." (Stats. 1970, ch. 1371, § 1, p. 2537.)

manifests a legislative policy to eliminate the possibility that persons charged with felonies might suffer prolonged incarceration without a judicial determination of probable cause merely because they are unable to post bond in order to gain their freedom." (*Id.* at pp. 464-465, fn. omitted.)

It follows that where the Legislature has enacted a speedy trial statute and has mandated dismissal as a remedy for its violation as to defendants in custody, but not as to defendants out of custody, the right of an out-of-custody defendant under the statute is not a substantial right within the meaning of the rule entitling a defendant to a dismissal for irregularities in the preliminary examination procedures. To justify a dismissal for a violation of such a right a defendant must demonstrate that actual prejudice resulted to him from the delay. (Cf. *People* v. *Mesaris* (1988) 201 Cal.App.3d 1377, 1384 [247 Cal.Rptr. 708].)

### OPPORTUNITY TO PREPARE DEFENSE*

. . . . . . . . . . . . . . . . . . . . . . . .

The order of dismissal is reversed.

Brauer, Acting P. J., and Premo, J., concurred.

Respondent's petition for review by the Supreme Court was denied June 22, 1989.

---

*See footnote, *ante,* page 1399.