Filed 12/16/25

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE


| | |
|---|---|
| ARMANDO BENAVIDES, | B343477 |
| Petitioner, | (Los Angeles County Super. Ct. No. 24CJCF04284-01) |
| v. | |
| THE SUPERIOR COURT OF LOS ANGELES COUNTY, | |
| Respondent; | |
| THE PEOPLE, | |
| Real Party in Interest. | |


ORIGINAL PROCEEDINGS in prohibition. William C. Ryan and Efrain M. Aceves, Judges. Petition granted.

Ricardo D. Garcia, Los Angeles County Public Defender, Albert J. Menaster, Ellin Gurvitch, and Michael B. Pentz, Deputy Public Defenders, for Petitioner.

No appearance for Respondent.

Nathan J. Hochman, District Attorney of Los Angeles County, Cassandra Thorp and Elizabeth Marks, Deputy District Attorneys, for Real Party in Interest.

\* \* \* \* \* \*

Penal Code section 859b provides that a criminal complaint "shall [be] dismiss[ed]" if a charged "defendant is in custody," if "the preliminary examination is set or continued beyond 10 court days from the time of arraignment," and if "the defendant has remained in custody for 10 or more court days solely on that complaint" *unless* "[t]he defendant personally waives his or her right to preliminary examination within the 10 court days" or "[t]he prosecution establishes good cause for a continuance beyond the 10-court-day period." (Pen. Code, § 859b, par. 3, factors (a) & (b).)[1] The question presented here is: Does section 859b still mandate dismissal of a complaint when a trial court continues a preliminary hearing beyond the 10-court-day period without finding good cause to do so, but nevertheless orders that the defendant be released on the tenth day—but the defendant is not actually released for another three days? We conclude that the answer is "yes," and accordingly reverse the trial court's order declining to dismiss the criminal complaint.

_____

1    All further statutory references are to the Penal Code unless otherwise indicated.

2

## FACTS AND PROCEDURAL BACKGROUND

### I.    The Charges

The People filed a criminal complaint against defendant that charged him with assault by means likely to produce great bodily injury (§ 245, subd. (a)(4)), and further alleged that he personally inflicted great bodily injury (§ 12022.7, subd. (a)).

### II.    The Arraignment, Setting of Preliminary Hearing, and Remand to Custody

On July 9, 2024, the trial court arraigned defendant on the complaint.  After defendant entered a plea of not guilty, the court set the defendant's preliminary hearing for July 22, 2024, as "day 9 of 10"—that is, as the second-to-last of the 10 court days by which a preliminary hearing must be initiated under section 859b.  The court fixed bail at $105,000, and remanded defendant into custody.

### III.    Initial Continuance of Preliminary Hearing, and Order of Release from Custody

Following an unprecedented cyberattack on all Los Angeles Superior Court systems that occurred on July 19, 2024, that court's presiding judge issued a General Order that closed all 36 courthouses in Los Angeles County on Monday, July 22, 2024, and declared that day a "court holiday."  The order further stated: "The period provided in section 859b of the Penal Code to hold a preliminary examination is extended by one court day in cases with a July 22, 2024, statutory deadline."  Due to this court closure, defendant's preliminary hearing was automatically continued to July 23, 2024, as day 10 of 10—that is, the last day to hold that hearing.

On July 23, 2024, the court called defendant's case for the preliminary hearing.  Defendant was not present because the Los

3

Angeles County Sheriff's Department had not transported him to court. The People requested that the court nevertheless continue the preliminary hearing to an unspecified future day within 60 calendar days of his arraignment. Defendant's counsel objected, arguing that dismissal of the criminal complaint was required because defendant had been in custody for 10 court days, because defendant had not waived this deadline, and because there was no good cause to continue the hearing past the 10th court day. The court ruled that a showing of "good cause" was not required—and a criminal complaint need not be dismissed—as long as a defendant is released on the 10th court day after arraignment. The court ordered the defendant released on his own recognizance (OR). The court then continued the hearing to July 26, 2024, as day 17 of 60, for a preliminary hearing setting.

## IV. Delayed Release and Further Continuance of Preliminary Hearing

On July 26, 2024, the court called the case for a preliminary hearing setting, but defendant was not present. Although the court had transmitted its release order to the Sheriff's Department on July 23, 2024, the Department did not release defendant from custody until 9:41 a.m. on July 26, 2024– nearly three days later. Defendant again moved to dismiss the complaint. The court denied the motion and continued the matter to September 6, 2024.

## V. Petition for Writ of Mandate Before Superior Court

On September 24, 2024, defendant filed a petition for writ of mandate in the superior court seeking to compel the trial court to vacate and set aside its July 23, 2024 order and to enter a new and different order granting defendant's motion to dismiss the criminal complaint.

4

On October 7, 2024, the court hearing the writ petition ordered the trial court presiding over defendant's case to dismiss the complaint or show cause why it should not be ordered to do so.  When the trial court declined to vacate the July 23, 2024 order, an order to show cause issued.  After the parties filed further papers, the court hearing the writ petition denied the petition for writ of mandate.  The court reasoned that defendant had not been in custody in excess of 10 court days because the court had ordered his release on the 10th day.

## VI.    Petition for Writ of Prohibition to This Court, Denial and Supreme Court Remand

On January 21, 2025, defendant petitioned this court for a writ of prohibition.  After a divided panel of this court denied the petition on April 11, 2025, defendant petitioned the Supreme Court for review and the Supreme Court on June 25, 2025 granted review and transferred the matter back to this court with directions to vacate the denial and issue an order to show cause.

We did so.  After obtaining the People's opposition and defendant's traverse, after obtaining supplemental briefing, and after entertaining oral argument on October 8, 2025, we now issue the writ.

### DISCUSSION

Defendant argues that a writ of prohibition must issue because the trial court was obligated to dismiss the criminal complaint against him under section 859b, and that the court exceeded its jurisdiction by continuing the preliminary hearing beyond the deadline set forth in section 859b.  A writ of prohibition may be issued when a trial court takes a "particular action . . . beyond the jurisdiction of the court to take." (*Abelleira v. District Cout of Appeal* (1941) 17 Cal.2d 280, 287; *Harden v.*

5

*Superior Court* (1955) 44 Cal.2d 630, 637; Code Civ. Proc., § 1102.)  The meaning of section 859b entails statutory interpretation, and thus is a task we undertake de novo.  (*People v. Tirado* (2022) 12 Cal.5th 688, 694.)  In undertaking this task, we are guided first and foremost by the text of the statute.  (*People v. Partee* (2020) 8 Cal.5th 860, 867.)

Section 859b implements the constitutional right of criminal defendants and the prosecution to a speedy trial by requiring that a preliminary examination be set no more than 60 calendar days from the date of arraignment unless the defendant "personally waives" this deadline.  (§ 859b, par. 6; *People v. Standish* (2006) 38 Cal.4th 858, 870 (*Standish*).)  When that defendant "is in custody," section 859b erects a second deadline—namely, that the preliminary hearing must be "held *within* 10 court days of the date" of arraignment (§ 859b, par. 2, italics added).

As pertinent here, section 859b delineates the consequences of missing the 10-court-day deadline:

> "Whenever the defendant is in custody, the magistrate shall dismiss the complaint if the preliminary examination is set or continued beyond 10 court days from the time of the arraignment, . . . and the defendant has remained in custody for 10 or more court days solely on that complaint, unless either of the following occur:
>
> (a)  The defendant personally waives his or her right to preliminary examination within the 10 court days.

6

(b) The prosecution establishes good cause for a continuance beyond the 10-day-court period." (§ 859b, par. 3.)

"If the preliminary examination is set or continued beyond the 10-court-day period, the defendant shall be released [on his own recognizance] pursuant to Section 1318 unless [one of six statutorily enumerated circumstances not present here are found to be true]."[2] (*Id*. at par. 5.)

By setting a firm deadline and making dismissal the remedy for missing that deadline, section 859b "'reflects a clear legislative intention to prevent prolonged incarceration prior to a preliminary hearing.'" (*Standish*, *supra*, 38 Cal.4th at p. 870.)

Courts have accordingly read section 859b to mandate the dismissal of a criminal complaint if (1) the defendant "is in custody" *at the time of arraignment*, (2) the "preliminary examination is set or continued *beyond* 10 court days from the time of arraignment," and (3) "the defendant has remained in custody for 10 or more court days solely on that complaint" *unless either* (a) the defendant has "personally waive[d] his or her right

---

[2] Those circumstances are that "(1) [t]he defendant requests the setting of continuance of the preliminary examination beyond the 10-court-day period"; "(2) [t]he defendant is charged with a capital offense in a cause where the proof is evident and the presumption great"; "(3) [a] witness necessary for the preliminary examination is unavailable due to the actions of the defendant"; "(4) [t]he illness of counsel"; "(5) [t]he unexpected engagement of counsel in a jury trial"; or "(6) [u]nforeseen conflicts of interest which require appointment of new counsel." (§ 859b, par. 5, factors (1)–(6).)

to preliminary examination within [] 10 court days," or (b) "[t]he prosecution [has] establishe[d] good cause for a continuance beyond the 10-day court period." (§ 859b, italics added; *People v. Clark* (2016) 63 Cal.4th 522, 551; *Landrum v. Superior Court* (1981) 30 Cal.3d 1, 9 [the 10-day deadline "is triggered by the custodial status of the defendant 'at the time of . . . arraignment . . .' and not by the custodial status at the time of examination"].)

The trial court erred in not dismissing defendant's criminal complaint under section 859b. Defendant was in custody on the date of his arraignment, so the shorter, 10-court-day deadline applies. The preliminary examination was set or continued beyond 10 court days from the time of arraignment when the trial court, on July 23, 2024, continued the preliminary examination to a future date to be determined on July 26, 2024. Defendant "remained in custody for 10 or more court days [from the time of arraignment] solely on that complaint" because he was taken into custody on July 9, 2024, and not actually released until July 26, 2024, which encompasses *at least 11* full court days (July 10, July 11, July 12, July 15, July 16, July 17, July 18, July 19, July 23, July 24, and July 25). Defendant did not personally waive the 10-court-day deadline. And the trial court declined to find good cause. Under the terms of section 859b, dismissal is required and the trial court erred in continuing the preliminary examination rather than dismissing the criminal complaint.

The People respond with what boil down to three arguments.

First and foremost, the People argue that dismissal is not required under section 859b because defendant was ordered to be released from custody before the end of the day on July 23, 2024, which the People contend is defendant's 10th court day in

8

custody; because defendant did not "remain in custody for 10 or more court days," the People reason, section 859b's dismissal provision was never triggered, and the court was not obligated to dismiss the criminal complaint.

We reject this argument. Regardless of the order the trial court issued on the 10th court day that defendant was in custody, defendant *remained in custody* until the 13th court day. Section 859b contains no exception to its dismissal rule when a trial court *issues an order* that a defendant be released (and that his custody come to an end); instead, the statute turns on whether the defendant actually "remained *in custody*," and here he did. The People urge that the delay in carrying out of the trial court's order lay at the feet of the Sheriff's Department, and thus should not be counted against them. This ignores that, as a general matter, "[t]he risk of delay caused by those charged with official action rests with the People, not the defendant." (*Jackson v. Superior Court* (1991) 230 Cal.App.3d 1391, 1394.) In other words, the constable's blunder should be attributed to the People, and not to the defendant. A contrary rule would fly in the face of the express purpose of section 859b, which is "to prevent prolonged incarceration" in this window before preliminary examination. (*Garcia v. Superior Court* (2020) 47 Cal.App.5th 631, 648 (*Garcia*).)

Second, the People argue that there was "good cause" to continue the preliminary examination, thereby retroactively validating the trial court's continuance of the preliminary examination. The trial court made no finding of good cause. The People invite *us* to find "good cause" for the first time on appeal, but we decline the invitation because such a post hoc finding is inconsistent with the text of section 859b, which places the

burden on "[t]he prosecution [to] establish[] good cause" prior to the grant of the continuance by the trial court—not months or years thereafter during appellate review. What is more, good cause is a fact-driven, discretionary call more suited to the trial courts.[3]

Lastly, the People contend that we need not dismiss because defendant cannot establish that he was prejudiced by the delay in proceedings because he subsequently sought a continuance of the preliminary hearing (which suggests he was not ready to proceed on July 23, 2024, and would have sought a continuance on that date in any event). Although some misapplications of section 859b are not inherently prejudicial and may be evaluated for harmlessness (e.g., *Standish, supra,* 38 Cal.4th at p. 883 ["failure to grant OR release pending the preliminary examination" subject to analysis for harmless error when good cause is found to exist]; *People v. Luu* (1989) 209 Cal.App.3d 1399, 1407 [rights of out-of-custody defendants subject to harmless error analysis]), not all misapplications are subject to this harmless error review: To the contrary, our Supreme Court in *Standish* held that dismissal is required regardless of prejudice where, as here, "the defendant has an absolute right to have a preliminary examination conducted within 10 days, that is, when good cause for a continuance does not exist." (*Standish,* at p. 885; accord, *People v. Superior Court (Arnold)* (2021) 59 Cal.App.5th 923, 932; *Garcia, supra,* 47 Cal.App.5th at p. 645.)

---

[3]     The cyberattack in this case, and its ensuing effects on court operations, may well have constituted "good cause"—but the error here is that prosecution never sought to establish that good cause.

10

## DISPOSITION

The petition for writ of prohibition is granted and the superior court is directed to dismiss the information.

**CERTIFIED FOR PUBLICATION**.


_____, P.J.
HOFFSTADT


We concur:


_____, J.
BAKER


_____, J.
KIM (D.)

11